# Bleakley *v.* Adelman, Appellant.

*Principal and surety—Assignment for creditors—Recovery by bondsmen from principal—Evidence.*

In an action by a bondsman against a principal to recover moneys which the plaintiff had paid in settlement of the defendant's accounts, the plaintiff offered evidence tending to show that at the time of the audit of the account the court was about to file an opinion surcharging the accountant; that the latter absolutely refused to have anything to do with getting the matter closed; that he said if the bondsmen wanted to make a settlement they could make it; that he would have nothing to do with it; that he was out of it; that he had abandoned the whole matter, and that the bondsmen could do as they pleased; that the attorney of the assignee advised that the settlement and payment be made, and that in consequence of the defendant's declarations and attitude, and in the light of the advice of his attorney, the plaintiff settled with the creditors and paid them an amount agreed upon, and that exceptions to the auditor's report were thereupon withdrawn, and the report fully confirmed. *Held*, (1) that the offer of evidence was admissible; (2) that the confirmation of the account did not relieve the principal; (3) that the principal was bound by the settlement; (4) and that a judgment and verdict for plaintiff should be sustained.

Argued May 17, 1904.   Appeal, No. 31, April T., 1904, by defendant, from judgment of C. P. Venango Co., Nov. T., 1901, No. 43, on verdict for plaintiff in case of W. J. Bleakley v. George V. Adelman.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit upon a bond of suretyship by surety against principal.   Before LINDSLEY, P. J., specially presiding.

At the trial the court admitted in evidence the testimony summarized in the opinion of the Superior Court. [1-3]

The court charged in part as follows :

[But if you find it (the payment) was made by Mr. Bleakley for the purpose he states, and for the purpose of saving the bondsmen from further liability, and made in good faith and under the circumstances which we have detailed, then it would not be a voluntary payment, but would be involuntary, for the purpose of protecting himself, and also would be in the interest of the defendant, and there may be a recovery.] [4]

Defendant presented this point:

If the jury find from the evidence that at the time the alleged compromise was made by the plaintiff there had been a hearing upon the exceptions filed to the auditor's report; that the court had not filed an opinion in said case sustaining said exceptions; that the account had not been surcharged, and that while the exceptions were still pending and undetermined the plaintiff, as bondsman, voluntarily and without the knowledge or consent of the assignee, defendant herein, compromised the claims of the said excepting creditors, such action on his part constitutes a voluntary payment, and the plaintiff cannot recover in this action. *Answer*: We answer this point in the negative and refer the facts to you under the instructions which we have given you in our general charge. [4]

That under the law and the evidence in this case the verdict should be for the defendant.

This point is answered in the negative. [5]

Verdict and judgment for plaintiff for $304.89. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4–6) above instructions, quoting them.

*Gervaise G. Martin*, with him *John O. McCalmont*, for appellant.—An attorney at law has no implied authority to acknowledge his client's liability for an indebtedness: Thomas v. Wiltbank, 6 W. N. C. 477; Bradford's Adm'r v. Bradford's Ext'r, 1 Clark, 209.

Counsel, by virtue of their professional relation, have no power to compromise their client's case, without the client's authority or sanction: Stokely v. Robinson, 34 Pa. 315; Brockley v. Brockley, 122 Pa. 1; Isaacs v. Zugsmith, 103 Pa. 77.

A surety on a bond is not liable until his principal is liable: Hollinsbee v. Ritchey, 49 Ind. 261; Gibbs v. Mennard, 6 Paige (N. Y.), 258; Davis v. Stokes County Commrs., 74 N. Car. 374.

The principal liability in this case could only be fixed by a surcharge of the account: Yeager's Case, 10 Daly (N. Y.), 7; Van Slyke v. Bush, 123 N. Y. 47 (25 N. E. Repr. 1053).

21, (1904).]        Arguments—Opinion of the Court.

A judgment of a court of competent jurisdiction, regular and valid on its face, and in full force and unreserved, cannot, in the absence of fraud or collusion, be impeached collaterally; no irregularity in the proceedings in which such judgment was recovered can be set up, nor can such proceedings be inquired into; the judgment or decree is presumed to be regular, and imports absolute verity: Gallagher v. Kenedy, 2 Rawle, 163; Diehl v. Holben, 39 Pa. 213; Weaver v. Adams, 132 Pa. 392; Com. v. Patterson, 13 Pa. Superior Ct. 136.

There must be a judgment against the principal or a decree ordering payment: Com. v. Fretz, 4 Pa. 344; Com. v. Moltz, 10 Pa. 527; Com. v. Stub, 11 Pa. 150; Com. v. Evans, 1 Watts, 437.

*Robert F. Glenn,* for appellee, cited: De La Cuesta v. Ins. Co., 136 Pa. 62; Lehigh Coal & Nav. Co. v. Brown, 100 Pa. 338; Motz v. Mitchell, 91 Pa. 114.

OPINION BY HENDERSON, J., December 12, 1904:

The plaintiff was one of the bail of the defendant to whom the estates of Henry O'Hora & Co. and James S. McGarry were assigned. McGarry was a partner in the firm named. After the defendant had filed his account as assignee of the partnership, exceptions were filed by creditors and an auditor was appointed who made a report to the court of common pleas. Exceptions were filed to the auditor's report; these exceptions were heard by the court and additional testimony bearing on the case was taken before the court. The court prepared an opinion and was about to deliver it in open court when it was stated by the attorney of one of the excepting creditors, in the presence of the defendant's counsel, that a settlement of the question raised by the exceptions was under consideration and that it would be agreeable to the parties in interest if the opinion should be withheld until the issue of the negotiations might be determined. The presiding judge stated that he thought it proper he should announce, for the information of the counsel in the case, that he had reached a conclusion surcharging the accountant. The result of the effort for a settlement was that the plaintiff paid to the excepting creditors, and to the defendant's attorney for services in the estate of McGarry, a sum agreed upon in settlement of their de-

mands, in consideration that the exceptions should be withdrawn and the account confirmed. Contribution was made by others who had become bail for the defendant on his bonds as assignee and this action was brought by the plaintiff to recover the amount paid by him on behalf of the defendant. The plaintiff offered evidence tending to show that the court was about to file an opinion surcharging the accountant; that the assignee absolutely refused to have anything to do with getting the matter closed ; that he said if the bondsmen wanted to make a settlement they could make it ; that he would have nothing to do with it; that he was out of it; that he had abandoned the whole matter and that the bondsmen could do as they pleased ; that the attorney of the assignee advised that the settlement and payment be made and that in consequence of the defendant's declarations and attitude and in the light of the advice of his attorney, the plaintiff settled with the creditors and paid them an amount agreed upon ; that these payments were made in June, 1898 and that on July 1, 1898, exceptions to the auditor's report were withdrawn and the report finally confirmed.

As the case was presented by the plaintiff we think there was no error in admitting the testimony which is the subject of the various assignments of error. It was competent to show the good faith of the plaintiff in his efforts to limit the liability of himself and the other sureties of the defendant. Advice of the attorneys of the assignee to settle the claim did not amount to an acknowledgement of the liability, nor could they conclude their client, but in view of the responsibility of the bail and the risk of increased liability the court was justified in permitting the plaintiff to show that he acted in good faith and with due regard for the interests of the defendant.

It was not proposed by the plaintiff in introducing the evidence of the judge presiding in the hearing of the exceptions to the auditor's report, to attack or impeach the record of the court ; what was offered to be shown was that a state of facts existed from which the plaintiff and the counsel of the assignee had reason to believe an adverse decree was about to be entered against the assignee and that the action of the plaintiff in settling the case was taken in the light of that situation. The court was not in error in instructing the jury as set forth

in the fourth assignment of error. ·Taking the language of the excerpt in connection with the other portions of the charge it was an instruction that if the plaintiff paid the money under the circumstances which he claimed to have established by his testimony, the payment was not a voluntary payment in the sense that it was made without legal authority and therefore not binding on the defendant. The first point, which is the subject of the fifth assignment of error, does not embrace all the evidence from which inferences might be legitimately drawn by the jury, and the court was correct in declining to instruct the jury as so requested. A very material part of the plaintiff's case was his testimony that the defendant had abandoned the case and declined to have anything further to do with the matter and that the bail could do as they pleased. The jury having rendered a verdict for the plaintiff, it is fair to presume that this evidence was found to be true; if so, the plaintiff and his cosureties would be justified in making terms with the excepting creditors favorable to themselves and their principal, and that, although the principal may not have known at the time of the fact of the settlement. It is nowhere contended that the claims settled were not valid charges against the assigned estates or that the plaintiff did not act in the utmost good faith in undertaking to diminish and discharge the liability of the principal and his sureties. The court submitted the question to the jury on the evidence and the evidence fully warranted the verdict found by the jury.

It is to be observed moreover that upon the settlement with the excepting creditors application was made to the court on July 1, 1898 for leave to withdraw the exceptions to the auditor's report, that the same day the exceptions were withdrawn and the report of the auditor confirming the account of the assignee was confirmed absolutely, the defendant thereby securing the benefit of the settlement effected by the plaintiff. It clearly appears from the evidence that the exceptions were withdrawn because of the settlement and the defendant cannot be heard in good conscience to allege, that because the record of the proceeding shows a confirmation of the auditor's report, he therefore, cannot be made liable in this action.

No error warranting a reversal appearing in the record, the judgment is affirmed.